IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS AUSTIN | ) |
| | ) |
|     Plaintiff(s), | ) |
| | ) |
| v. | ) |
| | )   2:06-CV-146-WKW |
| JOHN CUMMINS, ET AL. | ) |
| | ) |
|     Defendant(s). | ) |
| | ) |
| | ) |

## SPECIAL REPORT

COME NOW the Defendants, John Cummins and Janice Hicks, by and through the Attorney General for the State of Alabama, the Honorable Troy King, and in accordance with this Honorable Court's February 21, 2006, Order, offer the following Special Report.

## PARTIES

1. The Plaintiff, Thomas Austin, is an Alabama Department of Corrections ("ADOC") inmate who is currently incarcerated at the Frank Lee Youth Center ("FLYC").

2. Defendant John Cummins is presently employed as a Warden II at FLYC.

3. Defendant Janice Hicks is presently employed as a Correctional Supervisor I at FLYC.

## EXHIBITS

In accordance with this Honorable Court's Order, the Defendants hereby offer the following exhibits:

EXHIBIT 1 – Affidavit of John Cummins.

EXHIBIT 2 – Affidavit of Janice Hicks

EXHIBIT 3 – Affidavit of Windom McGhee

## PLAINTIFF'S CLAIMS

Plaintiff alleges that sometime on the evening of November 8, 2005, Lt. Hicks and another unnamed person were distributing sheets to the prisoners and that he received a sheet which had a hole in it. Plaintiff claims he informed Defendant Hicks and she responded that she would give him another sheet after the distribution of sheets was complete. Plaintiff alleges that Lt. Hicks finished handing out sheets, walked by him without saying anything and walked out the gate. Plaintiff further alleges that he went to the locked gate and held up his sheet and said, "Um Hum." According to Plaintiff, Lt. Hicks asked what he had said and Plaintiff walked back to the gate and Lt. Hicks accused Plaintiff of saying, "Shut up." Plaintiff further alleges that he told her he said, "Um Hum." According to Plaintiff, Lt. Hicks unlocked the gate and escorted him to the kitchen and "grabbed Plaintiff around his stroke with her right hand and slaming him to the kitchen door and holding him against the door with an pen in her hand pointten in his face and telling him he a lie, and she threaten him…" (sic)

Plaintiff claims Lt. Janice Hicks is a dangerous person and the Court should take her job before someone gets hurt and Plaintiff asks for $200,000.00 for pain and suffering.

## DEFENDANTS' RESPONSE

1. The Plaintiff has failed to state a claim upon which relief may be granted pursuant to 42 USC § 1983 or any other source.

2. The Defendants are immune from suit due to qualified immunity.

3.   The Defendants are immune pursuant to the 11th Amendment of the Constitution of the United States.

4.   The Defendants deny that they violated the Plaintiff's constitutional rights.

5.   The Defendants assert that Plaintiff has failed to show there is any genuine issue of material fact in this case.

6.   The Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.

7.   Defendants assert that Plaintiff, as an inmate who has suffered no physical injury, is precluded from bringing a federal civil action under 42 U.S.C. § 1997e (e).

6.   Defendants assert that under 42 USC § 1983, respondeat superior is not available to find an individual liable.

## STATEMENT OF FACTS

On November 8, 2005, Lt. Janice Hicks, second shift commander, was monitoring the issuance of bed sheets by Officer Edward Easterling in Dorm 4 when inmate Thomas Austin approached the grill gate with several other inmates and informed Lt. Hicks that his sheet was torn. (Ex. 2; P. 2, 7)  Lt. Hicks informed inmate Austin that he would be issued another sheet upon completion of the other dorms. (Ex. 2; P. 7)  Inmate Austin or one of the other inmates at the grill gate disrespectfully stated, "Shut up."  (Ex. 2; P. 7)

Lt. Hicks asked inmate Austin what he said and Plaintiff in a belligerent manor responded, "Open the door, I'll tell you what I said." (Ex. 2; P. 2)  Lt. Hicks opened the door for the purpose of verbally reprimanding Plaintiff outside the presence of the other inmates and directed him to the dining hall which is five yards from the door. (Ex. 2 P. 2)  The office door was blocked by the laundry bin and the office was full of officers

changing the batteries in their mobile security radios. (Ex. 2; P. 2, 7)  Inmate Austin walked toward the kitchen as the other inmates laughed. (Ex. 2, P. 2)  Lt. Hicks asked inmate Austin what he had said and he stepped toward her in a threatening manner and said with a "smirk" on his face, "I'll tell you what I said." (Ex. 2, P. 2, 8)  Lt. Hicks pushed the inmate away from her face using her open right hand to his chest and pushing him against the grill exit door. (Ex. 2; P 2, 8)  Austin then stated that he was not the inmate who said "shut up" but, he was the one laughing.  (Ex. 2; P. 8)

Lt. Hicks immediately released Austin and telephoned her supervisor to determine if this incident necessitated a call to the on-call duty officer to report a use of force. (Ex. 2; P. 3)  Captain Burton instructed Lt. Hicks to leave him a copy of the incident report. (Ex. 2; P. 3)

As Lt. Hicks released inmate Austin, she informed him that she would write him up.  After the incident, inmate Austin came to the office and pleaded not to be written up. (Ex. 2, P. 3)  Lt. Hicks did not write up a disciplinary because she was not 100% certain he was the one who said "shut up."

After the incident, inmate Austin refused a body chart stating that nothing was wrong with him.  Inmate Austin was eventually persuaded to go the healthcare unit for a body chart but then refused to submit to a body chart.  (Ex. 3, P. 3)

## ARGUMENT

**I. Austin has not stated sufficient injury to state a claim.**

By his own admission, Austin was not injured on the day of the incident.  To state a claim, an inmate's injuries need not be significant, but must be more than de minimus.  *Harris v. Garner*, 190 F.3d 1279, 1287 (11th Cir. 1999); modified in part by *Harris v.*

*Garner*, 216 F. 3d 970 (11th Cir. 2000). Also, as stated in 42 U.S.C. § 1997e(e), "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." To satisfy the injury requirement, an inmate need not show permanent injury, but must "offer some evidence of injury beyond a minimal one." *Bennett v. Parker,* 898 F.2d 1530, 1533 (11th Cir. 1990).

The picture painted by plaintiff in his complaint is that Lt. Hicks while pointing a pen at him slammed him against the kitchen door. On the day of the incident, Plaintiff signed a refusal of treatment form before two witnesses stating that nothing was wrong with him.

Though Plaintiff suffered no injury, courts have found that real injuries were not sufficiently serious to state an Eighth Amendment claim. *Bennett,* 898 F2d. at 1533 (inmate's allegation of being struck in the head with a night stick did not state sufficient injury); *Brown. v. Smith*, 813 F.2d 1187 (11th Cir. 1987) (inmate's allegation he was pinned against a wall by the neck with a riot baton did not state sufficient injury); *Williams v. Cash*, 836 F.2d 1318 (11th Cir. 1986) (inmate's allegation of broken elbow insufficient); *Perry v. Thompson*, 786 F.2d 1093 (11th Cir. 1986) (inmate's allegations of bleeding after being struck in head, face, arms, legs, and side insufficient); *Siglar v. Hightower*, 112 F. 3d 191 (5th Cir. 1997) (sore ear lasting three days insufficient); *Lassan v. City of Orange Beach*, 2000 W.L. 1844683 (S.D. Ala. 2000) (broken bone and digestive problems insufficient). Because Austin's injury was minimal or non-existent, he has not stated an Eighth Amendment claim and the defendants are entitled to summary judgment.

**II. The defendant did not use excessive force against Austin.**

With liberal construction, the Plaintiff contends that Defendant Hicks used excessive force against him in violation of the Eighth Amendment. Claims of excessive force against inmates are governed by the Eighth Amendment's proscription of cruel and unusual punishment. *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). To establish an Eighth Amendment claim of excessive force, the plaintiff must prove that "'force was applied … maliciously and sadistically for the very purpose of causing harm.'" *Id., quoting Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.E.2d 251 (1986). The "core judicial inquiry" in such a claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed. 2d 156 (1992).

> In addition to defining the mental state required, *Hudson* and *Whitley* outline five distinct factors relevant to ascertaining whether force was used "maliciously and sadistically for the very purpose of causing harm": (1) "the extent of the injury"; (2) the need for application of force"; (3) "the relationship between that need and the amount of force used"; (4) "any efforts made to temper the severity of a forceful response"; and (5) "the extent of the threat to the safety of the staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them."

*Campbell,* 169 F. 3d at 1375; citing *Whitley,* 475 U.S. at 321; *Hudson,* 503 U.S. at 7.

In applying these factors to the instant case, it is clear that (1) the extent of the Plaintiff's injury (none) was non existent; (2) Defendant Hicks needed to apply force and it was not a malicious or sadistic application because the Plaintiff was in her face in a threatening manner stating, "I'll tell you what I said" and she was without backup; (3) the

level of force used was reasonably related to the Plaintiff's threatening manner; and (4) force was only used to the extent necessary to curtail the Plaintiff's threatening manner.

Because there is insufficient evidence to establish plaintiff's claim of excessive force, this Court should enter a summary judgment in favor of the defendants. *See e.g., Campbell*, 169 F.3d at 1378. Therefore, the Plaintiff's claim is due to be denied.

**III. Defendants are immune from suit.**

Plaintiff's suit is barred under the doctrines of discretionary function and qualified immunity. Qualified immunity protects government officials from civil trials and liability when their conduct "violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting *Lassiter v. Alabama A&M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994). The Defendants are also entitled to discretionary-function immunity, which protects the discretionary acts of state employees from suit unless a plaintiff can show the employee acted maliciously or in bad faith. *Taylor v. Adams*, 221 F.3d 1254, 1261 (11th Cir. 2000). As Austin has not shown that the defendants' acts violated clearly established law, or were done in bad faith, they are immune from suit.

To the extent that the Plaintiff asserts his claims against the Defendants in their official capacities, the claims must fail because the Defendants are entitled to immunity via the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment not only bars suits against a state by citizens of another state, but

it also bars suits against a state by that state's own citizens. See *Edelman v. Jordan*, 415 U.S. at 663, 94 S. Ct at 1347 and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Defendants were acting within the scope of their official duties in this instance on behalf of the State of Alabama. The State of Alabama has not waived its immunity or consented to the filing of such a suit. The defendants are absolutely immune from suit in this instance. U.S. Const. amend. 11; Art. I, § 14, ALA. Const. (The State of Alabama shall never be made a defendant in any court of law or equity); see also *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (a claim against a state official in his official capacity is a claim against the state).

**IV. Plaintiff can not hold Warden Cummins liable under the concept of respondeat superior.**

Plaintiff names as a Defendant in this action, Warden John Cummins, but makes no specific allegations against him. Presumably, Plaintiff's claim against Warden Cummins is an attempt to hold him responsible through the concept of respondeat superior which is not available to a plaintiff under § 1983. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Absent some allegation that the Defendant knew of, sanctioned, participated in, or were otherwise "affirmatively linked" to the acts here complained of, the complaint is insufficient to state a cause of action under 42 U.S.C. § 1983. *See Gilmere v. City of Atlanta, Ga.*, 774 F.2d 1495, 1504 (11th Cir. 1985) *cert. denied.* 476 U.S. 1115 (1986).

## **CONCLUSION**

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law. WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

        Respectfully submitted,

        TROY KING
        Attorney General

        /s/ Jeffery H. Long
        Jeffery H. Long
        Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 3rd day of April, 2006, electronically filed the foregoing with the Clerk of Court, using the CM/ECF system and have served a copy of same upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

    Thomas Austin, AIS 125837
    Frank Lee Youth Center
    PO Box 330520
    Deatsville, AL 36022-0410

        /s/ Jeffery H. Long
        Jeffery H. Long
        Assistant Attorney General