IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS AUSTIN, #125837, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-146-WKW |
| | ) [WO] |
| | ) |
| JOHN CUMMINGS, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 42 U.S.C. § 1983 complaint filed by Thomas Austin ["Austin"], a state inmate, on February 17, 2006. The defendants filed a written report in compliance with the orders of this court in which they addressed Austin's claim for relief. Specifically, the defendants submitted relevant evidentiary materials that refuted the allegations presented in the instant cause of action.

The court thereafter issued an order directing Austin to file a response to the written report. *See Order of April 11, 2006 - Court Doc. No. 7*. The order advised Austin that his failure to respond to the defendants' written report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Austin for filing a response to this order expired on April 24, 2006.

As of the present date, Austin has filed nothing in opposition to the defendants' written report as required by the orders of this court. In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action. Austin is an indigent state inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.

In addition, Austin has voluntarily chosen not to comply with the directives of the orders entered in this case. It is therefore apparent that any additional effort by this court to secure Austin's compliance would be unavailing. Moreover, the response and undisputed evidentiary materials filed by the defendants indicate that Austin is not entitled to any relief in this cause of action. Consequently, the court concludes that Austin's abandonment of his claims, his failure to comply with the orders of this court and his failure to prosecute this cause of action warrant dismissal of this case.

**CONCLUSION**

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before May 16, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of May, 2006.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE